Perry J. MORTENSON and Patricia A. Mortenson,
Plaintiffs-Appellants-Petitioners,

v.

Thomas O. MILLER, M.D., and St. Paul Fire & Marine
Insurance Company, Defendants-Respondents.

Supreme Court

*No. 79–255. Argued October 27, 1980.—*
*Decided November 25, 1980.*

(Also reported in 298 N.W.2d 546.)

For the petitioners there was a brief by *Richard Bolte
Law Offices* of Wausau, and oral argument by *Richard
Bolte.*

For the respondents there was a brief by *Herbert L.
Terwilliger, Mark S. Henkel* and *Terwilliger, Wakeen,
Piehler, Conway & Klingberg, S. C.,* of Wausau, and
oral argument by *Mark S. Henkel.*

SHIRLEY S. ABRAHAMSON, J.   The question on
review is whether a claim submitted to a chapter 655
patients compensation panel alleging medical malprac-
tice occurring before and after July 24, 1975, the ef-

fective date of chapter 655, tolls the statute of limitations pursuant to sec. 655.04 (6), Stats.

On January 31, 1975, the defendant, Doctor Thomas O. Miller, operated on Plaintiff Perry J. Mortenson's knee. The defendant continued to treat the knee until January of 1976, when the plaintiff sought medical treatment from another physician.

On January 30, 1978, the plaintiff filed a "submission of controversy" form which, pursuant to chapter 655, Stats., placed the matter before a patients compensation panel for determination of his claim against the defendant. The form of submission is a one page simple form requesting little information. The plaintiff's attorney certified in the form that the plaintiff had been a patient of the defendant on and after January 31, 1975, for treatment of a rupture of the right patellar tendon. The patients compensation panel considered the submission, held a hearing and dismissed the controversy. The panel concluded, as a matter of law, that the claim accrued on January 31, 1975, the date of surgery, prior to the effective date of chapter 655, Stats., July 24, 1975, and that accordingly the panel had no jurisdiction. Notwithstanding this conclusion, the panel's written decision, dated July 27, 1978, recognized that the plaintiff had received medical services throughout 1975. The panel's findings of fact state:

"3. That the health care provider performed surgery on the right knee of the claimant on January 31, 1975 . . .

"4. That subsequent to the surgery, claimant continued under the care of the health care provider through a period of approximately January, 1976, during which time claimant underwent therapy to his knee.

"5. That during the period of therapy, the claimant's knee was swollen, red, and tender and painful and subsequently in approximately January, 1976, the claimant consulted with Dr. Hong-mo Chen, and that further surgery was performed on the knee by Dr. Chen.

"6. That the date of the purported negligent act of the health care provider and the date on which the injury was sustained was on or about January 31, 1975."

On August 14, 1978, within thirty days after the panel's order, plaintiff commenced an original action against the doctor in the circuit court for Marathon county.[1] The complaint states that plaintiff employed the physician defendant to diagnose, treat, and perform surgery on plaintiff's injured knee and to provide follow-up medical care after the surgery. The complaint further alleges that the defendant was negligent with respect to surgical procedure and post-operative care and that each act and omission constitutes negligence or want of reasonable care or skill on the part of the defendant causing damage to the plaintiff.

The defendant moved for summary judgment, arguing that the action should be dismissed because it was barred by the three-year statute of limitations.

---

[1] This action is an original one, not an appeal or review of the panel's finding or order; no statute provides for appeal from or review of the order of a patients compensation panel.

At oral argument this court raised the question of the applicability of sec. 807.07(2), Stats., to the instant case and asked the parties to brief the question.

Sec. 807.07(2), Stats., provides that "if the tribunal from which an appeal is taken had no jurisdiction of the subject matter and the court to which the appeal is taken has such jurisdiction, the court shall, if it appears that the action or proceeding was commenced in the good faith and belief that the first named tribunal possessed jurisdiction, allow it to proceed as if originally commenced in the proper court and shall allow the pleadings and proceedings to be amended."

We have concluded that sec. 807.07(2), Stats., is not applicable because it deals with the situation where an appeal is taken from a tribunal which did not have jurisdiction to hear the instant action. While the patients compensation panel may be a tribunal within the meaning of the statute, the filing of the medical malpractice action in circuit court is not an appeal or review procedure. *Cf. Cruz v. ILHR Dept.,* 81 Wis.2d 442, 260 N.W.2d 676 (1978).

The circuit court construed plaintiff's complaint as claiming negligence on the part of the defendant with respect to both the surgical procedure and post-operative care and granted the motion. The circuit court dismissed plaintiff's claim involving acts of malpractice prior to July 24, 1975, because plaintiff had not commenced an action in circuit court within the three-year statutory period.[2] The circuit court concluded that chapter 655 was inapplicable and that the statute of limitations was not tolled by the submission of the claim to the patients compensation panel because the panel had no jurisdiction over the claim.[3] The circuit court dismissed plaintiff's claim involving acts of malpractice after July 24, 1975, because plaintiff had not submitted this claim to the pa-

[2] A malpractice action must be commenced within three years after the cause of action has accrued. The statute of limitations applicable to medical malpractice cases is set forth in secs. 893.-14 and 893.21, Stats., which provide in pertinent part as follows:

"893.14 Actions, time for commencing

"The following actions must be commenced within the periods respectively hereinafter prescribed after the cause of action has accrued . . . ."

"893.21 Within 3 years

"(1) An action to recover damages for injuries to the person for such injuries sustained on and after July 1, 1955 . . . ."

A medical malpractice action in this state accrues at the time the negligent act occurs with accompanying injury. *Rod v. Farrell*, 96 Wis.2d 349, 352, 291 N.W.2d 568 (1980); *Peterson v. Rolaff*, 57 Wis.2d 1, 4, 203 N.W.2d 699 (1973). For a discussion of and rejection of the continuous treatment doctrine, *see Boehm v. Wheeler*, 65 Wis.2d 668, 223 N.W.2d 536 (1974).

[3] The plaintiff analogized the initiation of the proceeding before the panel to the initiation of a court case and relied on the general rule that the commencement of an action stops the running of the statute of limitations and a subsequent dismissal does not eliminate the tolling of the statute. *McKissick v. Schroeder*, 70 Wis.2d 825, 831, 235 N.W.2d 686 (1975). Even if the general rule were applicable, the circuit court and the defendant viewed the instant case as falling within an exception to the general rule,

tients compensation panel as required by chapter 655, Stats. Thus the circuit court construed plaintiff's submission to the panel as limited to allegations of malpractice prior to July 24, 1975.[4] The court of appeals, in an unpublished opinion filed September 20, 1979, affirmed the judgment of the circuit court. We reverse the court of appeals.

This case turns on whether the submission of the controversy to the patients compensation panel under chapter 655, Stats., on January 30, 1978, tolled the statute of limitations. Sec. 655.04(6), Stats., provides that any applicable statute of limitations is tolled by filing a submission of controversy for determination by the patients compensation panel.

"655.04  **Patients' claims.** . . .

" . . .

"(6)  STATUTE OF LIMITATIONS. The filing of the submission of controversy shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until 30 days after the hearing panel issues its written decision, or the jurisdiction of the panel is otherwise terminated."

namely that if the tribunal "completely lacks jurisdiction," the statute of limitations is not tolled by the improper filing. *Heifetz v. Johnson,* 61 Wis.2d 111, 117, 211 N.W.2d 834 (1973); *Schafer v. Wegner,* 78 Wis.2d 127, 135, 254 N.W.2d 193 (1976).

*See* Annot., *Statute Permitting New Action After Failure of Original Action Commenced Within Period of Limitation, As Applicable in Cases Where Original Action Failed for Lack of Jurisdiction,* 6 ALR3d 1043 (1966).

[4] We believe the circuit court and court of appeals erred in reading the submission of the controversy narrowly as relating only to the medical services rendered by the defendant on January 31, 1975. The patients compensation panel understood the claim to encompass all services, but decided that because the cause of action accrued on January 31, 1975, it had no jurisdiction over the claim. *See* the panel's Findings of Fact quoted in slip opinion at page 2.

The defendant contends that sec. 655.04(6), Stats., tolling the statute of limitations, is not applicable to the case at bar because chapter 655 is itself not applicable to plaintiff's claim for malpractice. The defendant cites sec. 655.005(2), Stats., which states that "This chapter does not apply to injuries or death occurring, or services rendered, prior to July 24, 1975." Defendant reasons that the surgery was performed before July 24, 1975, that the panel found that the injury occurred and the cause of action occurred on or about January 31, 1975, that chapter 655 and specifically sec. 655.04(6), do not apply to the plaintiff's claim and that consequently the statute of limitations was not tolled by submission of the claim to the patients compensation panel.

We conclude, after study of the provisions of chapter 655 dealing with the effective date and applicability of the chapter, and after consideration of the legislative purpose of enacting chapter 655 creating the medical malpractice review procedure and of the policy justifications of the statute of limitations, that plaintiff's action is not barred by the statute of limitations.

We turn first to the statutes describing the effective date and applicability of chapter 655. The law creating chapter 655, Stats., the medical malpractice review procedure, became effective on July 24, 1975, ch. 377, Laws of 1975, and various provisions of chapter 655 make reference to this key date. Sec. 655.005(1), Stats., for example, provides that "on and after July 24, 1975," every patient, patient's representative and health care provider shall be conclusively presumed to have accepted to be bound by chapter 655, and sec. 655.005(2) provides, as we stated previously, that chapter 655 "does not apply to injuries or death occurring, or services rendered, prior to July 24, 1975."[5] Sec. 655.007, Stats., provides that "on

---

[5] "655.005 **Remedy.** (1)(a) On and after July 24, 1975, every patient, every patient's representative and every health care pro-

and after July 24, 1975," any patient or patient's representative having a claim for injury or death on account of malpractice is subject to chapter 655.[6] Sec. 655.013 (1), Stats., governs attorneys' contingent fees "with respect to any act of malpractice after July 24, 1975."[7] Sec. 655.04(1), Stats., refers to "on and after July 24, 1975," and creates the procedure for submitting a malpractice claim under chapter 655, which must be followed before an action may be commenced in court. Sec. 655.04 (1), Stats., in pertinent part, provides as follows:

"655.04 **Patients' claims.** (1) FILING. (a) On and after July 24, 1975, any patient or the patient's representative, having a claim under this chapter for bodily injury or death, on account of a tort or breach of contract based on professional services rendered or which should have been rendered by a health care provider, may, after payment of the fee under s. 655.14, file a submission of controversy with the administrator in accordance with this chapter. . . ."

"...

"(b) . . . (2). No action may be commenced in court unless the controversy has first been heard and findings and an order have been made by the panel."

---

vider shall be conclusively presumed to have accepted to be bound by this chapter.

"...

"(2) This chapter does not apply to injuries or death occurring, or services rendered, prior to July 24, 1975."

[6] "655.007 Patients' claims. On and after July 24, 1975, any patient or the patient's representative, having a claim for injury or death on account of malpractice is subject to this chapter."

[7] "655.013 Attorney's fees. (1) With respect to any act of malpractice after July 24, 1975, the compensation determined on a contingency basis and payable to all attorneys acting for one or more plaintiffs or claimants is subject to the following:

"(a) The determination shall not reflect amounts previously paid for medical expenses by the health care provider or the provider's insurer.

"(b) The determination shall not reflect payments for future medical expense in excess of $25,000."

Read together, these provisions show that the legislature intended chapter 655 to apply to medical malpractice claims involving medical services rendered on and after July 24, 1975, and did not intend chapter 655 to apply to medical malpractice claims involving medical services rendered prior to July 24, 1975. No adequate provision is made in chapter 655 for the medical malpractice claims involving interrelated services rendered before and after July 24, 1975. We conclude that no provision of chapter 655 expressly covers the instant case in which medical services were rendered from January 31, 1975, through the end of 1975. The instant case falls within a hiatus not addressed by the legislature.

The problem the plaintiff faced when he started his action is that he did not know whether a trier of fact would ultimately determine that the negligent act and resulting injury occurred on the date of surgery (January 31, 1975) or during post-operative treatment after July 24, 1975. If the former, chapter 655 can be read to exclude the plaintiff from its coverage, requiring plaintiff to commence a malpractice action in court. This action might very well include damages resulting from post-operative care after July 24, 1975. If the latter, chapter 655 can be read to require the plaintiff to present his malpractice claim to a patients compensation panel before filing a court action. Defendant supposes that the legislature intended that the plaintiff in the instant case should divide his claim and begin two actions—one before the circuit court for malpractice in surgery, and one before a patients compensation panel under chapter 655 for malpractice in post-operative care. We do not believe the legislature intended that chapter 655 be read to require this two-forum awkward procedure which would be time-consuming and costly.

The legislature enacted chapter 655 out of concern about the rapidly increasing number of malpractice suits

and claims and the resulting detrimental effect of this litigation on the costs and quality of patient care and the costs of liability insurance. Sec. 1, ch. 37, Laws of 1975. Another concern was the length of time which the traditional tort litigation process takes to resolve a malpractice claim. By chapter 655 the legislature opted for processing claims through patients compensation panels and provided that no court action for medical malpractice may be maintained before the matter is reviewed by a patients compensation panel. Sec. 655.04(1)(b), (2), Stats.; *State ex rel. Stykowski v. Wilkie*, 81 Wis.2d 491, 499, 261 N.W.2d 434 (1978). In light of the legislative purpose of enacting chapter 655, we can find no useful purpose to be served by interpreting chapter 655 in such a way as to require plaintiff in the circumstances of this case to litigate his claim in two forums.

On these facts we think the legislative intent of chapter 655 is given effect by holding that chapter 655 is applicable to this case where the services complained of occurred both before and after July 24, 1975. Recognizing that chapter 655 could be construed otherwise, we conclude that a claimant situated similarly to the plaintiff would have been in compliance with chapter 655 if the action was commenced, with the applicable statutory time period, in the patients compensation panel, or in the circuit court, or in both forums.

Because we conclude that this claim is governed by chapter 655, sec. 655.04(2), Stats., tolling the statute of limitations for claims filed with the patients compensation panel is applicable to the plaintiff in the case at bar. Having submitted the controversy to the panel within the period limited by law and having commenced action in circuit court during the time the statute of limitations was tolled, plaintiff's commencement of the action was within the period prescribed by the statute of limitations and the action is not barred.

The result we reach today is consonant not only with the language and purpose of chapter 655 but also with the policy justification for statutes of limitation. As we stated in *Armes v. Kenosha County,* 81 Wis.2d 309, 319–20, 260 N.W.2d 515 (1977), statutory limitations on actions are designed to ensure prompt litigation of valid claims.

Our construction of chapter 655, Stats., does not prolong the time period during which the plaintiff must proceed against the defendant. In the case at bar plaintiff showed reasonable diligence in processing his claim. In this case plaintiff began processing his claim within the prescribed three-year period through prescribed legal channels, *i.e.,* the patients compensation panel, and defendant was put on notice that he would have to present a defense. Plaintiff commenced his action in circuit court within thirty days of the adverse determination by the patients compensation panel, the time during which the statute of limitations was tolled, sec. 655.04 (6), Stats., and within the 120-day period permitted by sec. 655.19, Stats. Under these circumstances, we believe plaintiff has complied with the three-year statute of limitations. This court has said that "a statute of limitations should not be applied to cases not clearly within its provisions" and that "statutes creating limitations are to be reasonably and fairly construed, but should not be extended by [judicial] construction." *Pugnier v. Ramharter,* 275 Wis. 70, 77, 81 N.W.2d 38 (1957). Our construction of chapter 655 and secs. 893.14 and 833.21, Stats., is, we believe, in harmony with the rule of construction set forth in *Pugnier.* Under our construction, plaintiff must take formal legal action against the defendant within the three-year time period fixed by statute. The only effect of our decision is to give the plaintiff in this case the choice of initiating the litigation before the panel or the circuit court or both.

The language and legislative purpose of chapter 655, Stats., and the judicial declarations favoring those who diligently press their claims and disfavoring the extension of statutory limitations to cases not clearly within the statutory provisions, lead us to hold that the plaintiff's cause of action should not be dismissed.

The panel's error in deciding it lacked jurisdiction and in dismissing the claim poses the question of whether remand ultimately should be to the panel or to the circuit court. We conclude that the lawsuit should proceed in circuit court without remand to the patients compensation panel. A remand at this late date for a hearing and order by an informal panel is not required by chapter 655 and would have no effect on the circuit court proceedings. Chapter 655 requires as a prerequisite to a lawsuit that there be an order by a panel. However the order need not be on the merits. Sec. 655.19, Stats. The issuance of an order by the panel in the instant case finally disposing of the matter before the panel entitles plaintiff to pursue his claim in court. Moreover, the panel's decision on the merits would have no effect on the circuit court proceedings. No statement or expression of opinion in the course of the panel hearing and no finding or order of the panel would be admissible in a subsequent court trial, because this controversy had been heard by an informal patients compensation panel, secs. 655.03, 655.04(2), Stats., rather than a formal panel. Sec. 655.19, Stats.

In summary, we hold that chapter 655 is applicable to plaintiff's claim, that the patients compensation panel had jurisdiction to hear plaintiff's claim, that sec. 655.04 (6), Stats., tolled the statute of limitations as of the date of filing of the "submission of controversy," and that the plaintiff commenced his action in circuit court within the period limited by statute. The decision of the court of appeals affirming the circuit court's judgment dismissing the complaint is reversed, and the case is re-

manded to the circuit court for further proceedings not inconsistent with this opinion.

*By the Court.*—The decision of the court of appeals is reversed; the judgment of the circuit court for Marathon county is reversed and the cause is remanded to the circuit court.