Susan MAZUREK, Petitioner-Appellant,

v.

Frederick W. MILLER, Attorney-Chairman, and Jeffrey L. Kravat, Director of the Patients Compensation Panel, St. Clare Hospital, Dr. S. C. Riese, Dr. Don G. Traul, Dr. John E. Inman, Dr. James R. Sturmont, Dr. Egbert Kamstra and Monroe Clinic, Defendants-Respondents.†

Court of Appeals

*No. 80–607. Submitted on briefs January 8, 1981.— Decided January 27, 1981.*
(Also reported in 303 N.W.2d 122.)

---

† Petition to review denied.

For the petitioner-appellant the cause was submitted on the briefs of *Richard E. Rosenberg* and *Nowlan & Mouat* of Janesville, and *Michael Radtke* and *Goldberg & Goldberg* of Chicago, IL, of counsel.

For the defendants-respondents the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Robert W. Larsen,* assistant attorney general.

For the defendants-respondents St. Clare Hospital and Dr. D. C. Riese the cause was submitted on the brief of *Eugene O. Gehl* and *Curtis C. Swanson* and *Brynelson, Herrick, Gehl & Bucaida* of Madison.

For the defendant-respondent Monroe Clinic the cause was submitted on the brief of *Robert R. Studt,* and *Jenswold, Studt, Hanson, Clark & Kaufmann* of Madison.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   This appeal is from an order quashing an alternative writ of mandamus and dismissing appellant's petition. Appellant also appeals from the court's denial of her motion for reconsideration.

A patient seeking to make a claim against a health care provider for injury on account of malpractice must have the matter reviewed by a patients' compensation panel before an action may be brought in court. Ch. 655, Stats; *State ex rel. Strykowski v. Wilke,* 81 Wis.2d 491, 499, 261 N.W.2d 434, 438 (1978). Pursuant to this statutory requirement, appellant filed a submission of controversy[1] against certain respondents in September of 1978. Appellant and her treating medical expert were deposed and pre-hearing conferences were conducted.

The respondents in the panel proceeding moved the panel for an order establishing the scope of an independent medical examination to be performed by Dr. Peter Eichman, a professor in the departments of neurology and medicine at the University of Wisconsin Hospital. The motion was heard by the attorney-chairman of the panel, Frederick Miller. Miller entered an order which provided that Dr. Eichman be allowed: (1) to take a relevant history from appellant; (2) to perform what medical tests he deems necessary; and (3) to conduct the examination outside the presence of appellant's attorney.

Doctor Eichman examined appellant on June 26, 1979. Although appellant was generally cooperative in permitting Dr. Eichman to examine her, she refused to submit to Electromyographic (EMG) and nerve conduction test-

[1] Section 655.04, Stats.

ing, the nature of which is not of record. She also refused to provide Dr. Eichman with a relevant medical history.

On July 11, 1979, Miller entered an order to show cause why appellant's claim should not be dismissed for failure to comply with the June 26, 1979 order. A hearing was held on July 25, 1979. Doctor Eichman submitted a report stating that he could arrive at a proper opinion of appellant's condition only by repeating certain EMG and nerve conduction tests which had been done by appellant's own medical witness. Doctor Eichman also indicated that it was necessary for him to review appellant's relevant medical history. He pointed out that it is generally accepted that the history is perhaps the most important aspect of an analysis of neurological disorders.

Miller found that the examination which Dr. Eichman sought to conduct was reasonable in scope, and that appellant continued to refuse to submit to the full examination. Appellant's claim was ordered dismissed with prejudice. The order was signed by Miller and by Jeffrey Kravat, Director of the Patients Compensation Panel.

Appellant filed a petition for an alternative writ of mandamus on August 31, 1979. Miller and Kravat were named as defendants.[2] The petition sought to have defendants answer and show cause why mandamus should not issue compelling them to vacate the order dismissing the action, to take no further steps to enforce the order, and to schedule the principal action for a hearing. Defendants moved to quash the writ.

The circuit court heard defendants' motion on October 16, 1979. The court filed a memorandum decision and,

[2] The respondents in the proceeding before the panel moved to intervene as defendants in the mandamus proceeding. Appellant stipulated to their intervention and the court ordered that the respondents would intervene as defendants.

by order dated March 6, 1980, quashed the alternative writ of mandamus and dismissed appellant's petition. Appellant moved for reconsideration. The court denied the motion without hearing.

The following issues are raised on appeal:

(1) Did the panel have authority to dismiss appellant's claim?

(2) Did the panel follow proper procedure in dismissing appellant's claim?

(3) Did the scope of the medical examination which was ordered by the panel exceed that which was "necessary"?

(4) Does dismissal of appellant's claim deny her due process?

Mandamus is an extraordinary legal remedy. A petitioner seeking mandamus must show that his legal right to the action he seeks to compel is clear, specific, and free from substantial doubt. *Eisenberg v. ILHR Department,* 59 Wis.2d 98, 101, 207 N.W.2d 874, 876 (1973). Mandamus does not lie to review an exercise of discretion, although it is appropriate to compel the exercise of discretion. *State ex rel. Althouse v. Madison,* 79 Wis. 2d 97, 106, 255 N.W.2d 449, 453 (1977). Although the statutes which create the duty which the petitioner seeks to compel may be unclear, the fact that the statutes must be construed to determine whether the petitioner has a clear and specific legal right to have the duty performed does not render mandamus an inappropriate remedy. *Although,* 79 Wis.2d at 106, 255 N.W.2d at 453.

A motion to quash a writ of mandamus is treated as a motion to dismiss a complaint. Sec. 293.01, Stats. On review of an order granting the motion to quash, the issue is whether the facts alleged in the petition state a claim. *Watkins v. Milwaukee County Civil Service Comm.,* 88 Wis.2d 411, 419, 276 N.W.2d 775, 779 (1979).

(1) *Authority to Dismiss*

Appellant contends that the patients' compensation panels have a clear legal duty to hear claims on their merits. She asserts that the panels have been granted no authority to dismiss a claim for failure to comply with a discovery order.

Appellant's argument is based in part on sec. 655.065 (1), Stats., which provides:

Each panel, whether formal or informal, shall determine the following:
(a) Whether the actions or omissions of the health care provider were negligent.
(b) If such actions or omissions were negligent, whether the negligence caused injury or death to the patient.

We do not construe this statute as requiring a panel to resolve each claim on its merits. Statutes must be construed in light of related statutes. *White Hen Pantry v. Buttke,* 98 Wis.2d 119, 122, 295 N.W.2d 763, 764 (Ct. App. 1980), *rev'd. on other grounds,* 100 Wis.2d 169, 301 N.W.2d 216 (1981). Section 655.16(1), Stats., provides: "All parties shall be afforded opportunity for public hearing after reasonable notice, but disposition of a controversy may be made by compromise, stipulation, agreement or default without hearing." This section demonstrates that the panels are empowered to resolve claims short of a full hearing on the merits.[3]

---

[3] In *Mortenson v. Miller,* 99 Wis.2d 209, 219, 298 N.W.2d 546, 551 (1980), the supreme court stated:

Chapter 655 requires as a prerequisite to a lawsuit that there be an order by a panel. However the order need not be on the merits. Sec. 655.19, Stats. The issuance of an order by the panel in the instant case entitles plaintiff to pursue his claim in court.

The order referred to was one which dismissed the petitioner's claim for lack of jurisdiction.

We do not read this language in *Mortenson* as holding that any order which terminates panel proceedings, including an order dis-

The panels are granted authority to dismiss a claim by virtue of sec. 655.17 (1), Stats., which provides in part: "Except as otherwise provided in this chapter, a formal panel shall be bound by the law applicable to civil actions . . . ." The rules of discovery applicable to civil actions include the sanctions contained in sec. 804.12 (2) (a) 3, Stats. That section provides in relevant part:

(a) If a party . . . fails to obey an order to provide or permit discovery, including an order made under sub. (1) or s. 804.10 [physical and mental examination of parties], the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

. . . .

3. An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, *or dismissing the action or proceeding* or any part thereof, or rendering a judgment by default against the disobedient party; . . . . (Emphasis added.)

Appellant argues that sec. 804.12 (2) (a) 3, Stats., grants the dismissal power only to a court, and that the panel was required to obtain a court order of dismissal rather than itself dismissing the claim. Section 655.17 (1), Stats., however, applies the rules of civil procedure to panel proceedings. The panel acts as a "quasi-judicial" body. *Strykowski*, 81 Wis.2d at 521–22, 261 N.W.2d at 448–49. The powers of a court under sec. 804.12 (2) are

missing a claim for failure to comply with discovery rules, automatically allows the petitioner to pursue his claim in court. The panel in *Mortenson* erroneously concluded that it lacked jurisdiction over the petitioner's claim and that the petitioner's proper forum was the circuit court. That order was substantially different from a dismissal order which is intended as a sanction and which is made with prejudice. To hold that a litigant is entitled to pursue his claim in court after the panel dismisses it with prejudice might encourage litigants to bypass the panels by refusing to cooperate with them.

granted to a panel by virtue of sec. 655.17(1), unless provided otherwise in ch. 655.

Appellant contends that sec. 655.17(2), Stats., requires the panel to obtain a court order to dismiss a claim. That section provides:

> Each formal panel may prescribe the procedures necessary to implement this chapter, order physical examinations under sub. (3), subpoena witnesses, administer oaths, apply to any circuit court having requisite jurisdiction to enforce the attendance and testimony of witnesses and the production and examination of books, papers and records and exercise all other powers and duties conferred upon it by law.

This section requires an application to circuit court only when the panel seeks to enforce the attendance of witnesses and the production of documents. It does not limit the power of the panel to dismiss a claim because of the claimant's failure to comply with the discovery provisions of sec. 655.17(3).[4]

Citing sec. 855.12, Stats., and *State v. Balistrieri*, 55 Wis.2d 513, 201 N.W.2d 18 (1972), appellant contends that only a court can impose punishment for being in contempt of court. While the contempt sanction is available for failure to comply with a discovery order, sec. 804.12(2)(a)4, Stats., it is a sanction which is separate and distinct from the sanction of dismissal provided in sec. 804.12(2)(a)3. The dismissal was not a punishment for contempt.

---

[4] Section 655.17(3), Stats., provides in pertinent part:

Upon the application of any party or upon its own motion, a formal panel may appoint a disinterested and duly qualified physician or other professional person or expert to make any necessary professional or expert examination of a claimant or relevant evidentiary matter and to report or testify as a witness in respect thereto.

We conclude that the panel had authority to dismiss appellant's claim for failure to comply with the discovery order.[5] This authority is needed if the panel is to be an efficient forum for the resolution of medical malpractice claims as the legislature intended. *Mortenson v. Miller*, 99 Wis.2d 209, 217, 298 N.W.2d 546, 550 (1980).

Because appellant had no clear legal right to have her claim heard on its merits, appellant's petition did not state a claim. The writ of mandamus was properly quashed.

(2) *Procedure and Scope of Discovery Order*

Appellant contends that the panel did not follow proper procedure in dismissing her claim. She first argues that sec. 655.05, Stats., requires a majority vote of the panel before a dismissal order can be entered. Second, she asserts that an administrative rule providing for dismissals must be promulgated pursuant to sec. 655.003 before the dismissal power can be exercised. Appellant's third procedural argument is that the discovery order improperly delegated authority to the examining physician to determine the "necessary" scope of the examination. Sec. 655.17 (3). In a closely related argument appellant contends that the examination which was ordered was improper because it went beyond what was necessary, and because the panel was required to determine that the examination was necessary before ordering it.

---

[5] Whether the panel abused its discretion in ordering dismissal as a sanction is not reviewable on mandamus, *State ex rel. Althouse v. Madison*, 79 Wis.2d 97, 255 N.W.2d 449 (1977), and we therefore do not address that issue. Appellant has not alleged that due process was violated by ordering dismissal solely for failure to obey court orders without evidence of bad faith, *cf. Dubman v. North Shore Bank*, 75 Wis.2d 597, 601, 249 N.W.2d 797, 799 (1977) (per curiam) (sanction of striking a pleading would violate due process under those circumstances), and we therefore will not address the issue.

None of these issues was raised before the court below. "It is the often-repeated rule in this State that issues not raised or considered in the trial court will not be considered for the first time on appeal." *Wirth v. Ehly,* 93 Wis.2d 433, 443, 287 N.W.2d 140, 145 (1980). We decline to exercise our discretion to treat these issues as an exception to the general rule.

(3) *Due Process*

Appellant contends that her due process interest in liberty and her right to privacy were violated by an order requiring her to undergo invasive medical testing. In support of this claim, she cites *Union Pacific Railway Co. v. Botsford,* 141 U.S. 250 (1891). In *Botsford,* the Court held that absent express legislative authority, a federal district court had no power to order a plaintiff to submit to a medical examination. In so holding, the Court stated: "No right is held more sacred, or is more carefully guarded by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." *Botsford,* 141 U.S. at 251.

In *Sibbach v. Wilson & Co.,* 312 U.S. 1 (1941), the Court made clear that *Botsford* did not deal with a question of substantive constitutional law. The Court noted in *Sibbach,* 312 U.S. at 11, that *Botsford* merely held that there was no procedural authority for an order requiring a medical examination. The subsequent enactment of Fed. R. Civ. P. 35 granted federal courts that authority. In upholding Fed. R. Civ. P. 35 against a constitutional attack similar to that made by appellant, the Court stated: "The suggestion that the rule offends the important right to freedom from invasion of the person ignores the fact that, as we hold, no invasion of freedom

from personal restraint attaches to refusal to comply with its provisions." *Sibbach*, 312 U.S. at 14. Invasion of privacy was again rejected as an attack on Fed. R. Civ. P. 35 in *Schlagenhauf v. Holder*, 379 U.S. 104, 113 (1964). We conclude that there is no constitutional difficulty under the facts of this case with requiring a person seeking compensation for injuries to undergo an independent medical examination for the benefit of the adverse parties.

Appellant contends that due process at least requires that her claim not be dismissed unless she is provided with a hearing before a court. Appellant cites no authority for the proposition that due process requires her to have a hearing before a court rather than a hearing before the panel when the panel's decision can be reviewed by a court. "Due process is flexible and requires only such procedural protections as the particular situation demands." *Strykowski*, 81 Wis.2d at 512, 261 N.W. 2d at 444. Appellant is entitled to a judicial review of the determination of the panel. *Strykowski*, 81 Wis.2d at 520–21, 261 N.W.2d at 448. Due process is satisfied "if the statutory procedures provide an opportunity to be heard in court at a meaningful time and in a meaningful manner." *Strykowski*, 81 Wis.2d at 512, 261 N.W.2d at 444. The availability of judicial review satisfies the requirements of due process.

Appellant contends that it was a violation of due process to delegate to the panel the power to dismiss a claim without a hearing on the merits. The delegation of judicial authority to the panels was upheld in *Strykowski*, 81 Wis.2d at 520–22, 261 N.W.2d at 448–49. The court there held that *quasi*-judicial authority may constitutionally be delegated to an administrative body. *Strykowski*, 81 Wis.2d at 521, 261 N.W.2d at 448. The availability of judicial review satisfies any due process problems which this delegation might otherwise entail.

Appellant informs us that she is now ready to comply with the discovery order, that her objections were made in good faith, and that it is inequitable to prevent her from pursuing her claim. Appellant had two chances to comply with the order before her claim was dismissed. It is too late now to come before this court seeking to have her claim reinstated. It is unfortunate that appellant has lost her right to make her claim, but she was warned of the consequences of her decision not to comply with the order and made a strategic decision to disobey it. Equity will not assist her under the facts of this case.

*By the Court.*—Orders affirmed.