Sue A. TAMMINEN and Leroy Tamminen, Plaintiffs-Appellants,

v.

THE AETNA CASUALTY & SURETY CO., a foreign corporation, Gundersen Clinic, Ltd., a Wisconsin corporation, Dr. William A. Kisken, and Wisconsin Patients Compensation Fund, Defendants-Respondents.†

Court of Appeals

*No. 81–199. Submitted on briefs September 8, 1981.—Decided November 17, 1981.*
(Also reported in 314 N.W.2d 879.)

† Petition to review granted.

414

For the appellants the cause was submitted on the briefs of *Irving D. Gaines, Maureen S. Komisar,* and *Irving D. Gaines, S.C.,* of Milwaukee, and *David G. Anderson* and *Garvey, Anderson, Kelly & Ryberg, S.C.,* of Eau Claire.

For the respondents the cause was submitted on the brief of *Daniel T. Flaherty* and *Johns, Flaherty & Gillette, S.C.,* of La Crosse.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Sue Tamminen appeals from a summary judgment dismissing her medical malpractice claim after the trial court concluded that the statute of limitations barred her action.   On appeal, her major issue is: Is there a conflict between sec. 655.04(6), Stats., which provides that the three-year statute of limitations for medical malpractice actions is tolled until thirty days after the patients compensation panel issues its written decision and, sec. 655.19, Stats., which provides that a circuit court action may be commenced within 120 days

after the date an order is made by the panel? We find no conflict and affirm the trial court.

Sue Tamminen was a patient of Gundersen Clinic and Dr. Kisken from November 2, 1975, through March 30, 1976, for treatment of obesity. On November 4, 1975, Kisken performed a gastric bypass operation on Tamminen. Following the surgery, Tamminen developed pulmonary complications and persistent fever. Kisken, on November 14, 1975, diagnosed her symptoms as peritonitis and performed additional remedial surgery upon her. Following the remedial surgery, she was hospitalized on two additional occasions. Tamminen was discharged on March 30, 1976.

On October 30, 1978, Tamminen filed her malpractice claim with the patients compensation panel against Kisken and Gundersen. After a hearing, the panel, on August 17, 1979, issued its decision denying the malpractice claim. The parties were notified of the decision by an August 31, 1979, memorandum from the administrator of courts. The panel issued supplementary findings and an order on September 26, 1979, relative to taxable costs and modification of damages. Copies of the supplemental findings and order were sent to the parties when the panel chairman sent the original to the administrator of courts. The supplementary findings, however, were not mailed to the parties by the administrator.

On January 11, 1980, Tamminen commenced an action in circuit court alleging that between the period from November 2, 1975, through her discharge date of March 30, 1976, Gundersen and Kisken committed acts of medical malpractice. Tamminen's malpractice claim essentially alleges that Kisken was negligent prior to and during the surgery of November 4, 1975; negligent in failing to diagnose a post-surgical peritonitis until November 14, 1975; negligent in failing to call in an infectious disease specialist until December 3, 1975.

On May 21, 1980, Tamminen filed an amended summons and complaint naming the Wisconsin Patients Compensation Fund as an additional defendant. Tamminen contends that because the alleged acts of malpractice occurred during the entire course of continuous treatment from November 2, 1975, through March 30, 1976, the statute of limitations did not commence to run until the last day of treatment, March 30, 1976. The trial court refused to apply the continuous treatment rule and held that on January 11, 1980, when Tamminen filed her summons and complaint, the statute of limitations had expired as to all alleged negligent acts or omissions, which occurred prior to January 12, 1976.[1] Tamminen deter-

---

[1] The trial court, in its memorandum decision, arrived at the January 12, 1976, date by using the following analysis:

Therefore, the proper approach to this case is to count backward three years from the date of filing adding any tolled periods, not to look for a single date on which the statute of limitations began to run. Any cause of action accruing during this period, may properly be maintained. Any claims based on omissions of a continuing nature which took place during this period may not be dismissed. Conversely, any cause of action accruing before this date may not be maintained and a claim based on omissions occurring before this date must be dismissed. Therefore, the analysis is as follows:

1. Statutes of limitations tolled for following periods:

| | | |
|---|---|---|
| a. October 30, 1978–September 26, 1979 (Sec. 655.04(6) Wis. Stats.). | | 331 days |
| b. Additional 30 days (Sec. 655.04(6) Wis. Stats.) | | 30 |
| c. Service by mail (Sec. 801.15(5) Wis. Stats.) | | 3 |
| Sub-total 364 days | | 364 days |

2. Sec. 893.205 Wis. Stats—3 years—0 days
Total 3 years + 364 days.

3. Complaint filed in this case on January 11, 1980.

4. Therefore, any actionable negligence must have occurred on or after January 12, 1976 to be maintained on this case. Any negligent acts or omissions by the defendants prior to January 12, 1976 are barred by the applicable statutes of limitations.

mined that it would not be worthwhile to proceed to trial on the alleged acts of negligence after January 12, 1976, and appealed.

## STATUTE OF LIMITATIONS

At the time this action was commenced, the basic statute of limitation for medical malpractice claims, sec. 893.205, Stats., provided a three-year limitation. Sections 655.04(6) and 655.19 state in relevant part:

655.04(6) The filing of the submission of controversy shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until 30 days after the hearing panel issues its written decision, or the jurisdiction of the panel is otherwise terminated.

655.19 Unless the parties have stipulated in writing under s. 655.07 to be bound by the panel determination, any party to a panel hearing may, within 120 days after the date of an order made by a panel, commence an action for a trial in the circuit court for the county designated in the submission of controversy under s. 655.04.

When Tamminen filed her submission of controversy with the patients compensation panel on October 30, 1978, she had four days left before the statute of limitations expired on her claim of negligence on the events before and during the surgery. The trial court concluded that the statute of limitations recommenced to run thirty days after September 26, 1979, when the panel issued its supplemental finding and order. Tamminen, believing that she had 120 days from the date of the panel decision for filing an action, commenced her malpractice action in circuit court on January 11, 1980.

Tamminen's counsel agrees that if sec. 655.04(6) is the controlling statute, the statute of limitations had run

---

We note that the trial court added 3 days to the statute of limitations for service by mail under the provisions of § 801.15(5), Stats. Counsel does not dispute this or raise it as an issue. Accordingly, we do not address that question.

as to any acts of negligence that occurred prior to January 12, 1976, when the action was commenced in circuit court. If sec. 655.19 is the controlling statute, the statute of limitations expired on January 27, 1980, making Tamminen's circuit court action timely.

Tamminen argues that secs. 655.04(6) and 655.19 are in conflict, and the courts should, therefore, apply established rules of statutory construction to harmonize the two statutes by giving credence to the more liberal provisions contained in sec. 655.19. She would like us to harmonize these statutes by substituting "120" days for "30" days in sec. 655.04(6). The trial court concluded that the purpose of the 120-day rule in sec. 655.19 is to provide finality to the panel's decision and not a further extension of the statute of limitations. We agree.

Although at first blush secs. 655.04(6) and 655.19 appear to be inconsistent, we are not persuaded that the legislature intended to toll the statute of limitations for a period of 120 days from the panel's decision. When confronted with statutes that appear to be inconsistent, we are to look for compatability, not for conflict. It is the duty of the appellate court, when possible, to construe statutes on the same subject matter in a manner that harmonizes them in order to give each full force and effect. *Glinski v. Sheldon,* 88 Wis. 2d 509, 519, 276 N.W.2d 815, 820 (1979).

Tamminen would like us to construe sec. 655.19 as tolling the statute of limitations for a period of 120 days from the date of the panel's order. That logic, however, is contrary to the familiar rule of statutory construction "that a specific provision in a statute relating to a particular subject must govern in respect to that subject as against general provisions in other parts of the statute

which might otherwise be broad enough to include it." *State v. Washburn Waterworks Co.*, 182 Wis. 287, 292, 196 N.W. 537, 539 (1923). Section 655.04(6) specifically tolls the statute of limitations in medical malpractice claims. The purpose of sec. 655.19 is to provide finality to the compensation panel's decision.

In *Mortenson v. Miller*, 99 Wis. 2d 209, 218, 298 N.W.2d 546, 551 (1980), the Wisconsin Supreme Court, although not addressing this specific issue, recognized the consistency of the two statutes in setting forth two different time requirements when it stated:

Plaintiff commenced his action in circuit court within thirty days of the adverse determination by the patients compensation panel, *the time during which the statute of limitations was tolled, sec. 655.04(6) and within the 120-day period permitted by 655.19, Stats.* [Emphasis supplied.]

If no petition is filed in circuit court within 120 days of the panel's order, any party to the action may obtain judgment in accordance with the panel's order. Section 655.20, Stats. This would apply even if the statute of limitations expired later than the 120-day period. Obviously, the legislature intended to provide, in secs. 655.19 and 655.20, a time period to finalize the panel's order, not to provide an additional tolling period for the medical malpractice statute of limitations. If the legislature had intended to further extend the statute of limitations by enacting sec. 655.19, it would have said so as it did specifically in sec. 655.04(6). Accordingly, we determine that secs. 655.04(6) and 655.19 are not in conflict.

## CONSTITUTIONALITY OF CH. 655

Tamminen challenges the provisions of ch. 655 alleging that it violates the constitutional guarantees of equal protection and due process, constitutes an unlawful dele-

gation of judicial authority, and impairs the right of trial by jury. She recognizes that the Wisconsin Supreme Court previously considered the constitutionality of ch. 655 in *State ex rel. Strykowski v. Wilkie,* 81 Wis. 2d 491, 506–22, 261 N.W.2d 434, 441–49 (1978), but now argues that the court should reexamine its ruling. Because the Wisconsin Supreme Court considered and rejected each of these contentions in *Strykowski* and the appellant has not raised any argument not previously considered, we are obligated to follow that ruling.

Tamminen also argues that the provisions of sec. 655.-04(6) leave her an unreasonably short period of time during which to commence an action in circuit court after the panel's order, thereby denying a medical malpractice victim due process of law and a remedy for a wrong. Tamminen filed her medical malpractice claim with the panel four days before the statute of limitations expired. Consequently, she was not afforded the full 120 days under sec. 655.19 to file her action in circuit court. To argue in effect, however, that she was denied due process and a remedy for a wrong because she waited until after the statute of limitations expired to commence her action is absolutely without merit or logic, and is unpersuasive. As stated in *Rod v. Farrell,* 96 Wis. 2d 349, 355, 291 N.W.2d 568, 571 (1980) : "[A]lthough Art. I, sec. 9, Wisconsin Constitution, guarantees a suitor a day in a court of competent jurisdiction to which he may present his claim, the statute of limitations may bar a plaintiff's action and the defending party may rely on the statutory bar."

SUPPLEMENTAL FINDINGS AND ORDER

On August 17, 1979, the patients compensation panel made its findings of fact, decision and conclusion dismissing Tamminen's malpractice claim on the merits. In

its decision, the panel indicated that it would issue supplemental findings after each counsel submitted further information relative to the award of costs and the alternate damage figure.

Although the panel director distributed the August 17, 1979, decision to each counsel, he failed to distribute the supplemental findings awarding costs and modifying the alternate damage amount. The panel's attorney-chairman mailed the supplemental findings and order on September 26, 1979, to the panel director, with copies sent to each counsel. In his forwarding letter, the chairman stated that the date the panel director distributed copies by mail to each counsel would be the date upon which the 120-day period began for filing the action in circuit court. Tamminen argues that because the director failed to distribute the supplemental findings as directed, the panel's jurisdiction was not terminated and neither the thirty-day period nor the 120-day period had yet commenced. Therefore, she concludes, the statute of limitations had not expired.

Section 655.04(6) provides that upon filing a claim with the patients compensation panel, the statute of limitations is tolled "until 30 days after the hearing panel issues its written decision, or the jurisdiction of the panel is otherwise terminated." The trial court determined the September 26, 1979, date as the date of "decision" for purposes of applying the statute of limitations. We agree. The panel issued its supplemental findings and order on September 26, 1979, resolving all issues before it. Thus, jurisdiction of the panel terminated on that date with its issued final written decision. Directing the panel director to mail its previously issued supplemental findings and order does not extend the panel's jurisdiction.

## CONTINUOUS TREATMENT DOCTRINE

Tamminen urges this court to adopt the "continuous treatment" rule. Under this rule, the statute of limitations begins to run on the last day of treatment, not the date of injury. Wisconsin courts have consistently and repeatedly rejected all attempts to alter the basic statute of limitations applicable to medical malpractice cases. We are bound by the prior decisions of the Wisconsin Supreme Court, which hold that if there is to be any change, it is a policy matter to be decided by the legislature, not the courts. *Rod,* 96 Wis. 2d at 353–54, 291 N.W.2d at 570; *Peterson v. Roloff,* 57 Wis. 2d 1, 5–6, 203 N.W.2d 699, 701–02 (1974).

In *Peterson* the Wisconsin Supreme Court held that a cause of action for personal injuries due to medical malpractice accrues, and therefore the statute of limitations begins to run at the time the negligent act occurs with accompanying injury. In *Boehm v. Wheeler,* 65 Wis. 2d 668, 681, 223 N.W.2d 536, 542 (1974), the supreme court declined to adopt the "continuous treatment" doctrine in legal malpractice cases. It concluded that adopting the "continuous treatment" doctrine would change the existing law by staying the running of the statute of limitations in some cases to a date subsequent to the date of injury. That same reasoning applies to a medical malpractice claim.

In *Green Bay Packaging, Inc. v. DILHR,* 72 Wis. 2d 26, 32, 240 N.W.2d 422, 426 (1976), the supreme court stated that "for years this court has followed the rule that where the court has placed a certain construction upon a statute, such construction becomes a part of the statute and subsequent legislative inaction is deemed to be approval of such construction." The legislature recently expressed itself when modifying the statute of limitations in medical malpractice cases by adopting a

limited discovery rule in ch. 323 § 893.55, 1979 Wis. Laws 1591. It could have, but did not, adopt the continuous treatment doctrine.

## CLAIM AGAINST INSURERS

Tamminen did not make any claim against the health care provider's insurer, Aetna, until she filed her summons and complaint on January 11, 1980. Aetna was not a party to the patients compensation panel hearings. On May 21, 1980, she filed an amended summons and complaint against the Patients Compensation Fund. The trial court dismissed these defendants on motion for summary judgment.

Tamminen contends that she is not required by ch. 655 to name Aetna or the Fund as a party at the panel proceeding. We need not address this question because the order dismissing Aetna and the Patients Compensation Fund is valid on other grounds. Tamminen's action against Aetna and the Fund was properly dismissed because their liability is to insure the health care providers, Gundersen and Kisken, who were determined not negligent by the panel. Because the health care providers are not liable, Aetna and the Fund, as their insurers, are not liable.

*By the Court.*—Judgment affirmed.