Donald BOGGS and Geraldine Boggs,
Plaintiffs-Appellants-Petitioners,

v.

Dr. Theodore H. MORDEN and Dr. Thomas R. Morden,
Defendants-Respondents.

Supreme Court

*No. 83–1862.—Filed March 27, 1984.*

(Also reported in 345 N.W.2d 490.)

For the petitioners there was a petition for review by *Randall E. Reinhardt* and *Warshafsky, Rotter, Tarnoff, Gesler & Reinhardt, S.C.*, Milwaukee.

For the respondents there were responses to the petition for review by *Timothy J. Strattner* and *Schellinger & Doyle, S.C.*, Brookfield; and *Patrick B. Howell* and *Frisch, Dudek & Slattery, Ltd.*, Milwaukee.

*PER CURIAM.* Plaintiffs have requested review of a court of appeals' order summarily affirming an order of the circuit court for Milwaukee county, the Honorable Patrick J. Madden, presiding, dismissing their medical malpractice complaint. The primary issue is whether plaintiffs were required to file a submission of controversy with a patients compensation panel prior to commencing the circuit court action. Because the record and arguments presently before this court reflect that both lower courts erred in requiring submission to the panel, we grant the petition for review, summarily reverse the orders of both lower courts pursuant to sec. 809.21(1), Stats., and remand to the circuit court for further proceedings.

Plaintiffs' second amended complaint, filed February 18, 1983, alleges that the defendant-podiatrists rendered negligent medical services to Mr. Boggs between April, 1975, and October, 1978. They claim that:

"the separate acts and/or omissions . . . were part of a continuum of negligent treatment and therefore constitute a single unit of negligent treatment."

Defendants sought to dismiss for lack of subject matter jurisdiction. They asserted that pursuant to chapter 655, Stats., acts of medical malpractice occurring after July 24, 1975, must first be submitted to a patients compensation panel before a circuit court action can be commenced.

The circuit court agreed noting the definition of "health care provider" in sec. 655.001(8) was not amended to include podiatrists until July 1, 1980. *See* chapter 185, Laws of 1979. Although this change was not designated as retroactive, in the absence of clear legislative intent to the contrary, procedural and remedial statutes will still be given retroactive application providing vested rights are not disturbed. *See Gutter v. Seamandel,* 103 Wis. 2d 1, 308 N.W.2d 403 (1981). This was a procedural, not substantive, amendment. Also, there is no vested right to commence a medical malpractice action in a circuit court; regardless, initial submission to a panel does not prevent the claim from later being heard in court. Hence the podiatry amendment was held to be retroactive. The court of appeals summarily affirmed.

Although both lower courts were correct on the retroactivity issue, they did not address the significance of the overall July, 1975 effective date of chapter 655. Sec. 655.005(2) expressly states that claims relating to services rendered prior to that date do not come within the purview of the chapter. This complaint alleges a continuum of negligent treatment commencing prior to July, 1975, and continuing thereafter. Thus, although the podiatry amendment is applicable to services rendered prior to July, 1980, this retroactive application still cannot cover alleged acts of malpractice occurring prior to July, 1975.

This situation was addressed in *Mortenson v. Miller,* 99 Wis. 2d 209, 216–18, 298 N.W.2d 546, 550–51 (1980) :

"We conclude that no provision of chapter 655 expressly covers the instant case in which medical services were rendered from January 31, 1975, through the end of 1975. The instant case falls within a hiatus not addressed by the legislature.

"  . . . .

"On these facts we think the legislative intent of chapter 655 is given effect by holding that chapter 655 is applicable to this case where the services complained of occurred both before and after July 24, 1975. Recognizing that chapter 655 could be construed otherwise, we conclude that a claimant situated similarly to the plaintiff would have been in compliance with chapter 655 if the action was commenced, with[in] the applicable statutory time period, in the patients compensation panel, or in the circuit court, or in both forums.

"  . . . .

"The only effect of our decision is to give the plaintiff in this case the choice of initiating the litigation before the panel or the circuit court or both."

Although *Mortenson* was specifically concerned with a statute of limitations problem, its reasoning is equally applicable here. It cannot be distinguished on the basis that this case involves a "single unit" of negligent treatment which did not fully accrue until October of 1978. Under *Tamminen v. Aetna Casualty & Surety Co.*, 109 Wis. 2d 536, 327 N.W.2d 55 (1982) that factor pertains to commencement of the statute of limitation period. In the instant matter it is significant for purposes of subject matter jurisdiction that some portion of the alleged negligent services was rendered before July, 1975.

Accordingly, we conclude that this case was properly commenced in the circuit court and prior submission to a patients compensation panel was not a requirement for subject matter jurisdiction.

IT IS ORDERED that the petition for review is granted; the orders of the court of appeals and circuit court are summarily reversed; and this case is remanded to the circuit court for further proceedings consistent with this opinion.