# DEAN MEDICAL CENTER, S.C., Plaintiff-Respondent,

v.

# John R. FRYE, Defendant-Appellant.

Court of Appeals

*No. 88-0378. Submitted on briefs December 8, 1988.—Decided March 28, 1989.*

(Also reported in 439 N.W.2d 633.)

For the defendant-appellant the cause was submitted on the brief of *Richard A. Heilprin,* and *Heilprin & Strakeljahn, S.C.,* of Madison.

For the plaintiff-respondent the cause was submitted on the brief of *Timothy J. Peyton* and *Kepler Law Offices,* of Madison.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J.   John Frye appeals from a summary judgment in favor of Dean Medical Center (here-

after "the clinic") for $2,555.50 damages plus costs. Frye contends that the trial court should not have ruled on the clinic's motion for summary judgment until after it had considered his motion to consolidate this action with another pending action. He also contends that the affidavit supporting the clinic's motion for summary judgment was insufficient in that it contained only conclusory statements. We reject his contentions and affirm.

Section 802.08, Stats., governs summary judgment. A methodology has been developed to determine whether summary judgment should be granted. Trial and appellate courts apply the same methodology. The court examines the pleadings to determine whether claims have been stated and material factual issues presented. If the pleadings state a claim and show the existence of factual issues, the court examines the moving party's affidavits for facts admissible in evidence or other proof to determine whether that party has made a *prima facie* case for summary judgment. If the moving party has made a *prima facie* case, the court examines affidavits submitted by the opposing party for admissible facts and other proof to determine whether a genuine issue exists as to any material fact or reasonable conflicting inferences may be drawn from the undisputed facts, therefore requiring a trial. *In re Cherokee Park Plat,* 113 Wis. 2d 112, 116, 334 N.W.2d 580, 582–83 (Ct. App. 1983).

The clinic's complaint alleges that the clinic provided medical services to Frye, that the last services were furnished on February 17, 1987, and that he has refused to pay the $2,555.50 balance due. The complaint states a claim. Frye's answer pleads that he has insufficient information to form a belief as to the truth

of the clinic's allegations regarding its services to him. Frye's statement regarding his information has the effect of a denial, sec. 802.02(2), Stats. As an affirmative defense, Frye pleaded the clinic's failure to join parties necessary to the resolution of the action, sec. 803.03(1), Stats. The answer pleads a defense and raises factual issues.

The next step is to examine the affidavit supporting the clinic's motion to determine whether it has made a *prima facie* case for judgment. However, Frye's contentions regarding his motion to consolidate are pertinent to summary judgment methodology. His attorney's affidavit in support of the motion to consolidate states that Frye has an action pending against Jeffrey Wiedenfeld and others for damages for his personal injuries arising out of a collision between vehicles operated by Frye and Wiedenfeld, and that the clinic treated Frye for those injuries. No time had been set to hear Frye's motion when the clinic filed notice that its summary judgment motion would be heard on December 23, 1987.

The affidavit of a physician employed by the clinic supports its motion. The affidavit incorporates the clinic's collection statement showing medical services to Frye and charges for those services. The physician states he reviewed the records, and all services listed in the statement were necessary to treat Frye's problem or to comply with the treatment he requested. The total due is $2,555.50. The physician is familiar with the charges of other clinics and doctors in the area. He states that the clinic's charges are approximately the same as and competitive with those charges, and he believes that the clinic's charges are reasonable.

Frye objected to the clinic's motion for summary judgment on grounds that the trial court had not heard

his motion to consolidate. Because Frye's motion had not been noticed for hearing, the court refused to consider consolidation. The court held that the affidavit supporting the clinic's motion entitled the clinic to judgment. Since Frye submitted no affidavit opposing summary judgment, the court ordered entry of judgment for the clinic. The court refused to consider the joinder issue. Judgment was entered, and Frye appealed.

The trial court did not err in refusing to consider the consolidation and joinder issues. Neither matter was before the court, since no time had been set to hear Frye's motion to consolidate and no motion had been filed regarding joinder. A trial court need not consider matters not before it.

Frye maintains that the trial court should have declined to consider the clinic's motion for summary judgment until the court had disposed of the consolidation and joinder issues. He points out that the clinic must prove that its medical services to him were necessary and that its charges were reasonable. In his personal injury action he must prove that the accident caused his injuries, that the clinic's medical services were necessary, and that the cost of his treatment was reasonable. He asserts that however those issues are resolved, their resolutions in the two actions should be consistent, and therefore the two actions should be consolidated for trial. We reject his argument.

The purpose of summary judgment procedure is to avoid a trial when nothing needs to be tried. *Hunter of Wisconsin, Inc. v. Hamilton*, 101 Wis. 2d 460, 470, 304 N.W.2d 752, 757 (1981). If nothing needs to be tried as between Frye and the clinic, no reason exists to delay

judgment in favor of the clinic.[1] On the contrary, sec. 802.08(2), Stats., provides that summary judgment "shall" be rendered if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The statutory direction is mandatory. *Wright v. Hasley,* 86 Wis. 2d 572, 577–78, 273 N.W.2d 319, 322 (1979). The desirability of consistent answers in separate actions is not enough to overcome the mandatory direction.

Frye contends that the clinic failed to make a *prima facie* case for summary judgment because the physician's affidavit supporting the clinic's motion was conclusory. The contention rests on sec. 802.08(3), Stats., which provides in relevant part: "Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence."[2] The true basis for the objection is that the physician's affidavit merely states his opinion regarding necessity and reasonableness.

Opinions are not facts. Thus, an affidavit supporting or opposing a motion for summary judgment is usually insufficient if it sets forth only opinion. *Snider*

[1]A delay may be justified under sec. 802.08(4), Stats., which provides:

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the motion for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Frye did not invoke sec. 802.08(4).

[2]Frye raises no issue on appeal regarding the physician's personal knowledge or the admissibility of his opinion at trial.

*v. Northern States Power Co.,* 81 Wis. 2d 224, 231, 260 N.W.2d 260, 263 (1977).

In this action, however, the clinic seeks to recover the reasonable value of the medical services furnished to Frye. A physician must establish necessity of the medical treatment furnished and the reasonableness of charges for that treatment. *Lautenschlager v. Hamburg,* 41 Wis. 2d 623, 630, 165 N.W.2d 129, 132 (1969). This is so because medical necessity and reasonableness of medical charges are beyond the ken of lay persons. *See Netzel v. State Sand & Gravel Co.,* 51 Wis. 2d 1, 7, 186 N.W.2d 258, 262 (1971) (expert testimony required when matter not within realm of ordinary experience).

The precise issue is therefore whether an affidavit supporting a motion for summary judgment is sufficient if the affidavit sets forth expert opinion on an issue as to which expert testimony *must* be offered. The question is an open one in this state.

The pertinent provision in sec. 802.08(3), Stats., requiring that affidavits "set forth such evidentiary facts as would be admissible in evidence," is almost identical to Fed. R. Civ. P. 56(e), which governs summary judgment in the federal courts. Rule 56(e) requires affidavits which "set forth such facts as would be admissible in evidence." Lack of the word "evidentiary" in Rule 56(e) has no effect on the result. Facts admissible in evidence are evidentiary facts. According to 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* sec. 2738, at 502–04 (1983),

> because opinion testimony always is subject to evaluation by the fact finder, it generally has been held not an appropriate basis for summary judgment. However, if the only issue is one of the kind on which expert testimony must be presented, and

nothing is presented to challenge the affidavit of the expert, summary judgment may be proper. [Footnote omitted.]

Thus, in *Castleberry v. Collierville Med. Assoc. Inc.,* 92 F.R.D. 492, 494 (W.D. Tenn. 1981), the federal district court granted summary judgment dismissing a medical malpractice action because of uncontroverted affidavits by experts that the defendants had not deviated from the accepted standard of care exercised by other competent doctors in the community. *Castleberry* relied in part on *Webster v. Offshore Food Service, Inc.,* 434 F.2d 1191, 1194 (5th Cir. 1970), *cert. denied,* 404 U.S. 823 (1971), in which the court granted summary judgment dismissing an action against the employer for negligence because of an uncontradicted affidavit by a physician stating that the plaintiff could not have contracted tuberculosis from his roommate on an offshore drilling rig. For the same result in other medical cases, *see Pendleton v. Cilley,* 574 P.2d 1303, 1305–06 (Ariz. 1978); *Bowman v. Henard,* 547 S.W.2d 527, 531 (Tenn. 1977); and *Kasbaum v. Lucia,* 127 Wis. 2d 15, 24, 377 N.W.2d 183, 186–87 (Ct. App. 1985). The same reasoning has been applied in a nonmedical case. *See Luby v. Carnival Cruise Lines, Inc.,* 633 F. Supp. 40, 42 n. 3 (S.D. Fla. 1986) (architect's supporting affidavit stated his expert opinion that shipboard bathroom was properly designed).

The controlling principles are these: If the only issue is one on which expert testimony must be produced at trial, whether the party having the burden to produce such testimony can do so is itself a fact. It is immaterial that the ultimate issue will be resolved on the basis of expert opinion evidence. When determining whether a trial must be had, the court need only decide

whether the party bearing the burden of producing admissible opinion evidence has made a *prima facie* showing that it can do so.

The party bearing that burden is entitled to summary judgment if it makes that *prima facie* showing, unless the opposing party shows that the evidence is inadmissible or shows facts which put the first party's expert opinion at issue.[3] If the opposing party attempts to make the latter showing, the court never decides whether to accept the opinion of an expert, but only whether, although admissible expert opinion evidence exists, the ultimate issue requiring expert testimony must be tried.[4]

---

[3]Conversely, if the party not bearing the burden can show through admissions or otherwise that the party bearing the burden of production cannot meet it, then summary judgment may be entered against the latter. *See Kasbaum v. Lucia,* 127 Wis. 2d 15, 22–24, 377 N.W.2d 183, 186–87 (Ct. App. 1985) (defendants in medical malpractice case entitled to summary judgment dismissing complaint on defendants' showing plaintiff had no medical expert to establish his claim). *Cf. Harman v. La Crosse Tribune,* 117 Wis. 2d 448, 455–57, 344 N.W.2d 536, 540–41 (Ct. App.), *cert. denied,* 469 U.S. 803 (1984) (where defendants' state of mind was element of plaintiff's claim, defendants entitled to summary judgment dismissing complaint on defendants' affidavits disavowing that state of mind and plaintiff's failure to present facts in counteraffidavit from which factfinder could infer required state of mind existed).

[4]Expert opinion has been used to controvert affidavits supporting motion for summary judgment. See *Knapp v. Holiday Inns, Inc.,* 682 S.W.2d 936, 944 (Tenn. App. 1984) (summary judgment denied because expert's opinion regarding conclusions from blood alcohol test raised issue of fact); *Lamon v. McDonnell Douglas Corp.,* 588 P.2d 1346, 1350 (Wash. 1979) (summary judgment denied because expert's opinion that hatch design caused unreasonably dangerous condition raised issue of fact).

We conclude that the clinic established a *prima facie* case for summary judgment in its favor for $2,555.50. Frye filed no counteraffidavit.[5] Summary judgment methodology requires that the clinic's motion be granted.

*By the Court.*—Judgment affirmed.

---

[5]Frye neither took discovery nor requested "a continuance to permit ... depositions to be taken or discovery to be had," as permitted by the summary judgment statute, sec. 802.08(4), Stats.