IN RE the MARRIAGE OF:

David L. GRACE, Petitioner-Appellant,

v.

Kay S. GRACE, Respondent-Respondent.

Court of Appeals

*No. 94–2653. Submitted on briefs May 9, 1995.—Decided June 1, 1995.*

(Also reported in 536 N.W.2d 109.)

For the petitioner-appellant the cause was submitted on the briefs of *David L. Grace, pro se,* of Wisconsin Rapids.

For the respondent-respondent the cause was submitted on the brief of *Christine L. Klessig* of *Omholt, Meagher, Forsythe & Klessig, S.C.,* of Amherst.

Before Eich, C.J., Gartzke, P.J., and Vergeront, J.

EICH, C.J.   David Grace appeals from a judgment divorcing him from Kay Grace. The trial court found that Kay was not entitled to maintenance at the time of the divorce but held open the issue due to her potential health problems. David argues that the trial court erroneously exercised its discretion in holding open the maintenance issue. We see no error in the decision to hold maintenance open for such a purpose. We conclude, however, that the trial court erred in not limiting the maintenance provision in the judgment to that limited purpose. We therefore reverse and remand for appropriate modification of the judgment.

David and Kay divorced in 1994 after a sixteen-year marriage. Both were forty-three years old at the time of the divorce and both were employed, David earning $68,287 and Kay $46,760. The trial court considered the several factors governing maintenance

determinations under § 767.26, STATS.,[1] and of particular import on this appeal is the court's discussion of Kay's health, which formed the basis for its decision to keep maintenance open. The court made the following findings on the subject:

> Kay . . . was born with only one kidney. Up until 1986, she had check-ups which proved to be negative. In 1986, she . . . discovered that she was in renal failure. [O]n December 10, 1986, with her mother as a donor, she received a kidney transplant. She has had some complications since then, including two hospitalizations, one in December of 1988 and one in August of 1991. The complications regarded the use of immunosuppressants. She currently takes Prednisone, a blood pressure medication, a fluid retention medication and hormones. She suffers from the side effects of increased bruising, fluid retention and permanent leg discoloration. At the current time, she describes herself as being in good health and [reports] that the kidney transplant has not affected her ability to work. Kay . . . provided no medical testimony concerning her problems, but her medical history was undisputed. . . . She continues to use medications to deal with her problems.

---

[1] Under § 767.26, STATS., the trial court bases its maintenance decision on the length of the marriage, the age and health of the parties, the property division, the parties' educational levels and earning capacities, the feasibility that the party seeking maintenance can become self-supporting, the tax consequences to each party, any agreements the parties entered into, the contribution by one party to the other's education or training and other factors the court deems relevant.

David concedes that the trial court's findings regarding Kay's medical history and current health condition are accurate.

After considering the medical and other statutory factors under § 767.26, STATS., the trial court concluded that, while "maintenance is not appropriate and not necessary at this time," in light of "the potential health problems that Kay . . . may have in the future, the Court will not deny maintenance to Kay . . . but will hold the matter of maintenance open in the future." David appeals from that decision.

Maintenance determinations are discretionary with the trial court, and we will not reverse absent an erroneous exercise of that discretion. *Forester v. Forester*, 174 Wis. 2d 78, 85, 496 N.W.2d 771, 774 (Ct. App. 1993). We have discussed at some length the scope of our review of a trial court's discretionary determination:

> A court exercises discretion when it considers the facts of record and reasons its way to a rational, legally sound conclusion. It is "a process of reasoning" in which the facts and applicable law are considered in arriving at "a conclusion based on logic and founded on proper legal standards." Thus, to determine whether the trial court properly exercised its discretion in a particular matter, we look first to the court's on-the-record explanation of the reasons underlying its decision. And where the record shows that the court looked to and considered the facts of the case and reasoned its way to a conclusion that is (a) one a reasonable judge could reach and (b) consistent with applicable law, we will affirm the decision even if it is not one with which we ourselves would agree.

It need not be a lengthy process. While reasons must be stated, they need not be exhaustive. It is enough that they indicate to the reviewing court that the trial court "undert[ook] a reasonable inquiry and examination of the facts" and "the record shows that there is a reasonable basis for the . . . court's determination." Indeed, "[b]ecause the exercise of discretion is so essential to the trial court's functioning, we generally look for reasons to sustain discretionary decisions."

*Burkes v. Hales*, 165 Wis. 2d 585, 590-91, 478 N.W.2d 37, 39 (Ct. App. 1991) (citations and quoted sources omitted) (footnote omitted).

■

When a court provides appropriate and legally sound reasons, based on the facts of record, for holding open a final maintenance decision until a future date, it may do so. *Wright v. Wright*, 92 Wis. 2d 246, 260, 284 N.W.2d 894, 901-02 (1979), *cert. denied*, 445 U.S. 951 (1980). We believe the trial court's explanation of the reasons underlying its decision in this case is adequate under these standards.

David argues that there is no evidence in the record to contradict Kay's testimony that her health was "good" at the time of the divorce in 1994. He has, however, conceded the accuracy of the trial court's findings regarding Kay's medical history. We believe the court could, in the exercise of its discretion, properly base its decision on the fact that, while Kay's health may have been good at the time of trial, she has only one kidney—which was transplanted from her mother, who is now sixty-seven years old—and has experienced serious complications of her chronic renal disease, requiring continual medication and hospitalizations.

David argues, however, that any determination regarding Kay's "potential" health problems from her kidney disease is wholly speculative in that no expert testimony was received on the subject at trial, and that, as a result, the court could not properly hold maintenance open on the record before it.

We disagree. Whether expert testimony is necessary in a given situation is a question of law, which we decide without deference to the trial court's opinion. *Kujawski v. Arbor View Ctr.*, 132 Wis. 2d 178, 181, 389 N.W.2d 831, 832 (Ct. App. 1986), *rev'd on other grounds*, 139 Wis. 2d 455, 407 N.W.2d 249 (1987). We do not believe that expert testimony is a necessary underpinning for the court's exercise of discretion. Expert testimony is required when the issue under consideration involves "special knowledge or skill or experience on subjects which are not within the realm of the ordinary experience of [hu]mankind." *Kujawski,* 139 Wis. 2d at 463, 407 N.W.2d at 252; *see also Drexler v. All Am. Life & Casualty Co.*, 72 Wis. 2d 420, 428, 241 N.W.2d 401, 406 (1976).

This is not a case where a court or jury is required to set future wage loss, medical expense or similar damages, as in a personal injury or medical malpractice action. Here the court was simply considering whether, in light of Kay's undisputed medical history and the evidence of her renal transplant, there was a reasonable potential for future health problems that would justify retaining jurisdiction to award maintenance at such time as that potential might become a reality. We disagree with David that the court, given the record before it, needed additional evidence in the form of expert medical testimony in order to make such

a determination. We think the court could, and did, appropriately exercise its discretion to leave maintenance open on the strength of the record before it.

As we noted at the outset, however, the trial court left maintenance open for any and all purposes, despite the limited nature of the basis for its decision. As a result, the judgment leaves the door open to an award of future maintenance to Kay for conditions or circumstances wholly unrelated to her health problems, such as a diminution in income or an increase in needs caused by factors not suggested in this record or in the court's decision.

We therefore reverse the judgment and remand to the trial court with directions to amend the maintenance provision so as to limit its applicability to the specific health concerns discussed in the court's decision and in this opinion.

*By the Court.*—Judgment reversed and cause remanded with directions.