IN RE the PATERNITY OF TAYLOR R. T.:

STATE of Wisconsin and Robin R. T., Petitioners-Respondents,

v.

RANDY J. G., Respondent-Appellant.

Court of Appeals

No. 95–2411–FT. *Submitted on briefs December 22, 1995.—Decided January 30, 1996.*

(Also reported in 544 N.W.2d 926.)

For the respondent-appellant the cause was submitted on the briefs of *Daniel Snyder* of Park Falls.

For the petitioners-respondents the cause was submitted on the brief of *Jeffrey R. Kohler* of Spooner.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Randy J. G. appeals a summary judgment finding him to be the father of Taylor R. T.[1] Randy contends that the trial court erred when it granted summary judgment because: (1) the conceptive period was not established by evidence or by statutory presumption; (2) there was evidence that Robin R.T.

---

[1] This is an expedited appeal under RULE 809.17, STATS.

had sexual intercourse with an untested male during a time conception could have occurred; and (3) the affidavits did not establish the necessary foundation for the admission of the blood test results used to establish paternity. Because we conclude that summary judgment should not be granted either when the period of conception has not been established or when there is sufficient evidence to permit a reasonable trier of fact to conclude that an untested male had sexual intercourse with the mother during a time conception could have occurred, we reverse the summary judgment and remand for further proceedings.

Taylor R. T. was born August 28, 1993, to Robin R. T. and weighed five pounds three ounces at birth. The State subsequently commenced an action against Randy, alleging that he was Taylor's father. Two blood tests were taken, the first of which established the probability of Randy being Taylor's father to be 99.98% and the second established the probability of paternity at 99.94%. Because Taylor weighed less than five and one-half pounds at birth, the statutory presumption as to the conceptive period did not apply. *See* § 891.395, STATS.[2] In addition, no medical evidence was submitted in the affidavits or at the preliminary hearing regard-

---

[2] Section 891.395, STATS., provides:

In any paternity proceeding, in the absence of a valid birth certificate indicating the birth weight, the mother shall be competent to testify as to the birth weight of the child whose paternity is at issue, and where the child whose paternity is at issue weighed 5 1/2 pounds or more at the time of its birth, the testimony of the mother shall be presumptive evidence that the child was a full term child, unless competent evidence to the contrary is presented to the court. The conception of the child shall be presumed to have occurred within a span of time extending from 240 days to 300 days before the date of its birth, unless competent evidence to the contrary is presented to the court.

ing the possible period of conception. In the opposing affidavits, Randy submitted evidence that Robert V., Randy's first cousin, had sexual intercourse with Robin during a time conception could have occurred. In the affidavit, Randy's father stated that, as Robert and Robin were getting into a vehicle upon leaving a tavern, Robert indicated to him that he and Robin were about to have sexual intercourse and Robin reacted with laughter. Notwithstanding Randy's demand for a jury trial, the trial court granted summary judgment finding Randy to be Taylor's father based upon the affidavits demonstrating the blood test results. Randy appeals.

We review a grant of summary judgment de novo, applying the same methodology as the trial court. *Grotelueschen v. American Family Mut. Ins. Co.*, 171 Wis. 2d 437, 446, 492 N.W.2d 131, 134 (1992). Because that methodology has been set forth in numerous decisions, we need not repeat it here. *See Grams v. Boss*, 97 Wis. 2d 332, 338, 294 N.W.2d 473, 476 (1980). Summary judgment may not be granted where there are disputed issues of material fact. *Lecus v. American Mut. Ins. Co.*, 81 Wis. 2d 183, 189-90, 260 N.W.2d 241, 244 (1977). "Any reasonable doubt as to the existence of disputed material fact is resolved against the moving party." *Clay v. Horton Mfg. Co.*, 172 Wis. 2d 349, 354, 493 N.W.2d 379, 381 (Ct. App. 1992). "[S]ummary judgment should not be granted unless the moving party demonstrates a right to a judgment with such clarity as to leave no room for controversy . . . ." *Grams*, 97 Wis. 2d at 338, 294 N.W.2d at 477.

We have recognized that in an appropriate case a judgment of paternity can be granted without the

necessity of jury adjudication. *See In re M.A.V.*, 149 Wis. 2d 548, 439 N.W.2d 829 (Ct. App. 1989). In *M.A.V.*, we concluded that a directed verdict was appropriate when the evidence demonstrated sexual intercourse occurred with the putative father during the statutorily presumed conceptive period, blood tests established the probability of paternity in excess of 99% and there was no evidence of sexual intercourse with an untested person during the presumed conceptive period. *Id.* We conclude that *M.A.V.*'s analysis applies to motions for summary judgment as well as motions for directed verdict. While the form in which the evidence is presented is different in summary judgment, the analysis is essentially the same. The requirements of judicial economy and the interests of justice compel the creation of a means of establishing paternity without the expense, delay and costs of a jury trial in cases where no reasonable trier of fact could conclude that the putative father was not the child's father. While we acknowledge that summary judgment is a method by which paternity can be adjudicated, we caution that it is only appropriate to use summary judgment in those limited cases where there are no disputed issues of material fact and no reasonable fact finder could come to opposing conclusions.

■

Randy first contends that the trial court erred by granting summary judgment without the conceptive period being established by evidence or statutory presumption. Under § 891.395, STATS., the conceptive period is presumptively established if the child weighs at least five and one-half pounds at birth. However, Taylor weighed only five pounds three ounces at birth and the State presented no evidence to establish the conceptive period. We agree that summary judgment is

508

inappropriate when there is no evidence establishing the conceptive period.

Blood test results establish the probability of paternity based upon the assumption that the individual tested had intercourse with the mother during the conceptive period. *T.A.T. v. R.E.B.*, 144 Wis. 2d 638, 650, 425 N.W.2d 404, 409 (1988). Therefore, the blood test's probability of paternity statistic is relevant evidence conditioned upon the fact that competent evidence is offered to show that sexual intercourse between the mother and alleged father occurred during the conceptive period. *Id.* Only when such evidence is offered may evidence of the probability of paternity be received. *Id.* In this case, Robin testified to the fact that she and Randy had sexual intercourse on certain dates; however, the conceptive period was not established. In the absence of a conceptive period being established, the basic presumption upon which the probability of paternity statistic is based has not been demonstrated. In the absence of establishing that the defendant had intercourse with the mother during the conceptive period, the blood tests are insufficient to establish paternity for purposes of summary judgment.

We do not suggest that the conceptive period must be established by statutory presumption for summary judgment purposes. The moving party may submit medical evidence or other evidence sufficient to establish the conceptive period. But in the absence of establishing a conceptive period, the probability of paternity statistic of the blood test is insufficient to conclusively demonstrate paternity. The trial court therefore erred by granting summary judgment without evidence of the conceptive period and evidence of

509

sexual intercourse between Randy and Robin during this period.

Next, Randy contends that the trial court erred by granting summary judgment because there was sufficient evidence to permit a reasonable trier of fact to conclude that Robin had intercourse with an untested male during a time conception could have occurred. We agree that this evidence is sufficient to defeat the State's motion for summary judgment. The State has the burden to demonstrate that Randy fathered Taylor. While the blood tests are compelling evidence of paternity, they do not conclusively eliminate another male who had intercourse with the mother during the conceptive period from being the child's father. In *M.A.V.*, we recognized that proof of intercourse with an untested person may present a legitimate jury issue and make a directed verdict inappropriate. *Id.* at 554-55, 439 N.W.2d at 832-33. We conclude that such evidence does preclude summary judgment because it raises a disputed issue of material fact as to whether this untested person could be the father.

Before summary judgment can be granted, it is necessary to conduct a blood test on the untested person to demonstrate that there is an insufficient probability of his paternity. The existence of an untested male whom a reasonable factfinder could conclude had sexual intercourse with the mother during the possible conceptive period is a sufficient basis to deny summary judgment.

The State suggests that the affidavit is not sufficient evidence to permit a reasonable trier of fact to conclude Robert had sexual intercourse with Robin. We

disagree. Sexual intercourse is not something that is likely to be witnessed by a third party. Evidence that shows the mother and the untested male were together at a time, under circumstances and in a location which would lead a reasonable person to believe that sexual intercourse took place is sufficient. *See T.A.T.*, 144 Wis. 2d at 650, 425 N.W.2d at 409. Randy's affidavit is sufficient to raise a disputed issue of material fact as to the paternity of the child.

Next, Randy contends that the trial court erred when it granted summary judgment because the moving party's affidavits were insufficient to demonstrate the admissibility of the blood test results. Randy suggests that because the affidavits did not contain the necessary foundation to demonstrate the chain of custody the trial court could not rely on the blood test results in granting summary judgment.

Section 802.08(3), STATS., provides that all affidavits "shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence." On summary judgment, the party relying on evidence need not submit sufficient evidence to conclusively demonstrate the admissibility of the evidence relied upon in its affidavits. *See Dean Medical Center v. Frye*, 149 Wis. 2d 727, 734-35, 439 N.W.2d 633, 636 (Ct. App. 1989). The party producing the evidence need only make a prima facie showing that the evidence would be admissible. *Id.* The burden then shifts to the opposing party to show that the evidence is inadmissible or show facts which put the evidence at issue. *Id.* at 735, 439 N.W.2d at 636. If the admissibility of the evidence is challenged, the court must then determine whether the evidence would be admissible.

We conclude that the State made the necessary prima facie showing. The blood tests indicate that the blood was drawn from Randy, Robin and Taylor and tested by a qualified laboratory, and the directors or supervisors of the labs certify that the results are true and correct. We further conclude that Randy has failed to meet his burden to show the evidence is inadmissible. Randy only argues that the State did not establish the chain of custody in the affidavits. He does not contend that evidence shows the chain of custody is in question or that the blood tests would be inadmissible on some evidentiary basis. Therefore, we reject Randy's argument that the trial court erred by considering the affidavits.

In sum, we conclude that summary judgment is inappropriate when either the conceptive period has not been established or there is sufficient evidence to permit a reasonable trier of fact to conclude that the mother had sexual intercourse with an untested person during a time conception could have occurred. Therefore, we reverse the summary judgment and remand for further proceedings.

*By the Court.*—Judgment reversed and cause remanded.