**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**January 14, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.**    **2017AP1524**

Cir. Ct. No. 2016CV6408

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT I**

---

BRIAN A. PATTERSON,

      PLAINTIFF-APPELLANT,

   V.

STEVEN R. KOHN, KOHN & SMITH LAW OFFICES AND ATTORNEY MALPRACTICE LIABILITY INSURANCE PROVIDER,

      DEFENDANTS-RESPONDENTS.

---

         APPEAL from an order of the circuit court for Milwaukee County: TIMOTHY M. WITKOWIAK, Judge. *Affirmed*.

         Before Brash, P.J., Fitzpatrick and Donald, JJ.

     ¶1    DONALD, J.  Brian A. Patterson, *pro se*, appeals the summary judgment order dismissing his legal malpractice action against his former criminal defense attorney, Steven R. Kohn, Kohn and Smith Law Offices, and Kohn's

malpractice insurance provider (collectively, "Kohn"). The circuit court granted Kohn's summary judgment motion, determining that Patterson failed to name an expert witness within the time prescribed by the court's scheduling order. Patterson argues that the circuit court erred in granting the motion because no expert testimony was necessary. We affirm.

## BACKGROUND

¶2 In February 2010, Patterson retained Kohn to represent him in a criminal matter where Patterson was charged with first-degree reckless homicide. According to Patterson's amended complaint, Patterson informed Kohn that he acted in self-defense and requested that Kohn investigate the matter. Kohn represented Patterson through a *McMorris*[1] hearing and subsequently withdrew as counsel. Patterson retained subsequent counsel. Patterson was ultimately tried and convicted.

¶3 On August 11, 2016, Patterson filed the complaint underlying this appeal. An amended complaint raised multiple causes of action: (1) legal malpractice; (2) unjust enrichment; (3) conversion; (4) breach of oral and written contract; (5) loss of consortium; and (6) accounting. The amended complaint alleged that Kohn was negligent in his representation of Patterson because Kohn failed to investigate the facts, circumstances, police reports, and witnesses relevant to the criminal matter.

---

[1] *See **McMorris v. State***, 58 Wis. 2d 144, 152, 205 N.W.2d 559 (1973) ("When the issue of self-defense is raised in a prosecution for assault or homicide and there is a factual basis to support such defense, the defendant may, in support of the defense, establish what the defendant believed to be the turbulent and violent character of the victim by proving prior specific instances of violence within his knowledge at the time of the incident.").

¶4 On February 21, 2017, the circuit court issued a scheduling order, requiring Patterson to disclose the "name, address, resume and written report of each expert witness" by April 21, 2017. The order further stated that "witnesses and damage claims not disclosed in full compliance will be excluded from trial, unless good cause is shown."

¶5 On April 19, 2017, Kohn's counsel sent Patterson a letter reminding Patterson of the approaching deadline to name witnesses and requesting dates to schedule depositions. A subsequent letter from Kohn's counsel, dated April 25, 2017, informed Patterson that counsel had not received Patterson's witness list.

¶6 Patterson filed a motion to extend time to comply with the circuit court's scheduling order. Patterson's motion was postmarked April 24, 2017—three days past the circuit court's deadline. Kohn opposed the motion and filed for summary judgment, or, alternatively, to preclude Patterson from calling expert witnesses or proving damages. Kohn argued that without expert testimony and proof of damages, Patterson could not allege a prima facie case for legal malpractice. The circuit court granted summary judgment in favor of Kohn. This appeal follows.

**DISCUSSION**

¶7 On appeal Patterson argues that the circuit court erred in granting Kohn's summary judgment motion because none of his claims required expert testimony. We disagree.

¶8 In reviewing summary judgments, we apply the same methodology as the circuit court. *See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987). That methodology has been repeated often, *see*

*Preloznik v. City of Madison*, 113 Wis. 2d 112, 115-16, 334 N.W.2d 580 (Ct. App. 1983), and we need not recite it here except to note that summary judgment is appropriate only when there is no genuine issue of material fact and the moving party has established entitlement to judgment as a matter of law. *See Schapiro v. Security Sav. and Loan Ass'n*, 149 Wis. 2d 176, 181, 441 N.W.2d 241 (Ct. App. 1989). All reasonable inferences are drawn in favor of the non-moving party. *Strasser v. Transtech Mobile Fleet Serv., Inc.*, 2000 WI 87, ¶56, 236 Wis. 2d 435, 613 N.W.2d 142. An appellate court reviews a grant of summary judgment *de novo*. *Raymaker v. American Family Mut. Ins. Co.*, 2006 WI App 117, ¶10, 293 Wis. 2d 392, 718 N.W.2d 154.

¶9 "Whether expert testimony is required in a given situation must be answered on a case-by-case basis." *Robinson v. City of West Allis*, 2000 WI 126, ¶33, 239 Wis. 2d 595, 619 N.W.2d 692 (citation and brackets omitted). This presents a question of law that we decide without deference to the trial court. *See Grace v. Grace*, 195 Wis. 2d 153, 159, 536 N.W.2d 109 (Ct. App. 1995). "Expert testimony should be generally required to establish the standard of care applicable to an attorney whose conduct is alleged to have been negligent and further to establish that his conduct deviated from that standard." *Olfe v. Gordon*, 93 Wis. 2d 173, 181, 286 N.W.2d 573 (1980) (citation omitted). The general rule requiring expert testimony is not without exceptions. Namely, such testimony is not necessary "(1) where the breach is so obvious, apparent and undisputed that it may be determined by a court as a matter of law; or (2) where the matters to be proven do not involve specialized knowledge, skill, or experience." *DeThorne v. Bakken*, 196 Wis. 2d 713, 718, 539 N.W.2d 695 (Ct. App. 1995).

¶10 Patterson relies on the exceptions to the rule requiring expert testimony by arguing that his "legal malpractice claim can be decided as a matter

4

of law based on undisputed and conceded facts, expert testimony is unnecessary in this case" (emphasis omitted). Patterson's argument centers entirely on what he considers to be Kohn's negligence. Specifically, Patterson argues that Kohn negligently failed to follow "instructions" by failing to investigate certain facts, circumstances, and witnesses to support Patterson's self-defense theory, and that the negligence led to his conviction. We do not agree with Patterson that this cause of action involves only a failure to follow instructions. Patterson's legal malpractice cause of action implicates the applicable standard of care attorneys owe their clients, statutes and case law regarding criminal procedure, and the judgment criminal attorneys exercise on a case-by-case basis. *See **Pierce v. Colwell***, 209 Wis. 2d 355, 362, 563 N.W.2d 166 (Ct. App. 1997) ("[E]xpert testimony will generally be required to satisfy this standard of care as to those matters which fall outside the area of common knowledge and lay comprehension."). We conclude that under the facts of this case, Patterson was required to present expert testimony to prove his claim that Kohn's alleged negligence caused his injury or damage. A lay person would not understand the evidence necessary for a successful (from Patterson's standpoint) *McMorris* hearing, the discovery and investigation process in a criminal matter, or the level of discretion afforded to criminal defense attorneys.

¶11 Moreover, Patterson ignores a key requirement in legal malpractice actions stemming from an attorney's representation in a criminal matter—Patterson's claim requires proof of actual innocence. *See **Hicks v. Nunnery***, 2002 WI App 87, ¶¶32-50, 253 Wis. 2d 721, 643 N.W.2d 809 (legal malpractice claim in criminal context requires proof of actual innocence). Put another way, Patterson has not made any showing that Kohn's actions or inactions caused him harm. Patterson's contention is that, if certain persons had testified to certain facts

in his criminal case, he would not have been convicted. Patterson names those persons in his complaint. However, Patterson proffers no admissible evidence in the record to support his contention that those persons would have, if called, testified as Patterson contends.

¶12    WISCONSIN STAT. § 802.08(3) requires that affidavits must be based on personal knowledge and contain admissible evidence. *Id.* ("Supporting and opposing affidavits shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence."). In addition, a party opposing a motion for summary judgment may not rely solely on allegations in their complaint. *See id.* ("When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon mere allegations or denials of the pleadings but the adverse party's response, by affidavits or otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial."). Patterson has placed no admissible evidence in the record, in the form of an affidavit from each purported exculpatory witness or otherwise, to support his allegation that those persons would have testified in the criminal case as Patterson contends. Without that admissible evidence, Patterson's claim fails on summary judgment because he has not shown that Kohn's actions or inactions caused him harm.

¶13    Because each of Patterson's causes of action against Kohn are based on harm allegedly caused to him by Kohn, and Patterson has not provided evidence of such harm, each of his causes of action fail. For the foregoing reasons, we affirm the circuit court.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.