# COURT OF APPEALS
## DECISION
## DATED AND FILED

## July 13, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP338**

**STATE OF WISCONSIN**

Cir. Ct. No. 2019CV99

**IN COURT OF APPEALS
DISTRICT II**

CASEY HERMAN AND EMILY HERMAN,

    PLAINTIFFS-APPELLANTS,

UNITED HEALTHCARE INSURANCE COMPANY,

    INVOLUNTARY-PLAINTIFF,

  V.

EDGAR RADUE, INC. D/B/A BITTER NEUMANN APPLIANCE TV
FURNITURE & MATTRESS, SCHNELL ELECTRIC, INC., RURAL MUTUAL
INSURANCE COMPANY AND FRANKENMUTH INSURANCE COMPANY,

    DEFENDANTS-THIRD-PARTY PLAINTIFFS-RESPONDENTS,

JUSTIN RADUE,

    DEFENDANT-RESPONDENT,

  V.

RH BUILDERS, LLC,

    THIRD-PARTY DEFENDANT-RESPONDENT,

KOHLER, CO. GROUP BENEFIT PLAN , BY ITS CLAIMS

**ADMINISTRATOR, UNITED HEALTHCARE SERVICES, INC.,**

    **INTERVENOR.**

APPEAL from an order of the circuit court for Manitowoc County: ROBERT DEWANE, Judge. *Affirmed.*

Before Gundrum, P.J., Neubauer and Kornblum, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Casey and Emily Herman appeal from a circuit court order dismissing on summary judgment their personal injury and related claims arising out of an electric shock Casey Herman (hereafter Herman) received at home due to allegedly improperly performed work relating to the installation of a new oven. We affirm the circuit court's decision to grant summary judgment because Herman neither offered expert opinion on causation nor demonstrated that res ipsa loquitur applied. We affirm.

¶2 In his amended complaint, Herman relied upon res ipsa loquitur as a basis to infer that the injuries he received via electric shock resulted from negligence. As part of a kitchen renovation, Herman purchased an oven from Bitter Neumann Appliance. Schnell Electric[1] performed the rough-in installation of wiring for the oven by running a wire from the electrical panel in the basement to the back of the cabinet slated to hold the oven and then into a junction box.

---

[1] We refer to Bitter Neumann and Schnell collectively as "the vendors."

Schnell was last on the property nine days before Herman was shocked, which was the same day Bitter Neumann installed the oven and instructed Herman to turn it on. Although there are disputed facts about which vendor made which electrical preparations and connections for the oven, it is undisputed that Schnell was not at Herman's home on installation day. After Herman started the oven, he heard a "loud pop," and the oven stopped working. Herman contended that he received an electric shock and sustained serious injuries when he investigated the home's electrical box.

¶3     The vendors sought a *Daubert*[2] hearing to exclude Tom Burtness, Herman's expert. By letter to the court, Herman withdrew Burtness and stated that the withdrawal of the witness "obviate[ed] the need for a [*Daubert*] hearing." Thereafter, the vendors sought summary judgment.

¶4     At the summary judgment hearing, the circuit court concluded that Herman did not show the existence of a material factual dispute in order to avoid summary judgment. Specifically, Herman did not show factual disputes relating to the requirement of the res ipsa loquitur doctrine[3] that he show that the instrumentality of his injury was in the exclusive control of the vendors. In the absence of proof necessary to Herman's case, the circuit court granted summary judgment and dismissed his complaint. Herman appeals.

---

[2] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *State v. Hogan*, 2021 WI App 24, ¶18, 397 Wis. 2d 171, 959 N.W.2d 658 (*Daubert* analysis applies in Wisconsin).

[3] As we discuss later, "[r]es ipsa loquitur is a rule of circumstantial evidence that permits a fact-finder to infer a defendant's negligence from the mere occurrence of the event." *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶33, 241 Wis. 2d 804, 623 N.W.2d 751.

¶5     We review the circuit court's grant of summary judgment de novo, and we apply the same methodology employed by the circuit court. *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48 (Ct. App. 1994). "We independently examine the record to determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law." *Streff v. Town of Delafield*, 190 Wis. 2d 348, 353, 526 N.W.2d 822 (Ct. App. 1994).

¶6     We conclude that the circuit court properly granted summary judgment because Herman did not oppose summary judgment with the necessary expert opinion on causation. *See Dean Med. Ctr., S.C. v. Frye*, 149 Wis. 2d 727, 735 and n.3, 439 N.W.2d 633 (Ct. App. 1989) (summary judgment should be granted when the party bearing the burden of producing expert testimony fails to do so).

¶7     "A showing of negligence requires proof of causation." *Menick v. City of Menasha*, 200 Wis. 2d 737, 747, 547 N.W.2d 778 (Ct. App. 1996) (citation omitted). Expert testimony is required on the issue of causation when "the matter is not within the realm of ordinary experience and lay comprehension." *Pinter v. Village of Stetsonville*, 2019 WI 74, ¶63, 387 Wis. 2d 475, 929 N.W.2d 547 (citation omitted). A party bearing the burden of producing an admissible expert opinion at trial must make a showing that it can do so to avoid summary judgment in favor of the opposing party. *See Dean Med. Ctr*, 149 Wis. 2d at 735 and 735 n.3. Whether expert testimony was necessary presents a question of law we determine independently of the circuit court. *Grace v. Grace*, 195 Wis. 2d 153, 159, 536 N.W.2d 109 (Ct. App. 1995).

¶8 We turn to Herman's theories about how and why he was shocked. Herman's arguments in the circuit court and this court make clear that expert opinion was necessary to show causation. In his circuit court brief in opposition to summary judgment Herman argued:

> Although the exact pathway of the electric event is unknown, it is well within the layperson's understanding that a newly installed oven should not short out in the absence of negligence; that one does not receive an electric shock flipping a breaker in the absence of negligence; or that the newly installed appliance on its maiden operation (which was no longer powered following a very loud "pop") was likely the cause of the short leading to the electrocution. Further, as a matter of law, it is within the juror's common knowledge that electricity is a dangerous instrumentality, that equipment commonly used by the public [like a brand new residential oven] is designed and operated in a manner to avoid an electric shock, and that this incident would not have occurred in the absence of negligence.

Herman posited different scenarios that led to the shock: wiring issues, the junction box was not grounded, and the ampere of the circuit breaker serving the oven was insufficient.

¶9 In this court, Herman contends that Bitter Neumann "installed the oven without a crucial 'connector.'" Herman further explains:

> A connector is a small piece of equipment which surrounds the metal wiring of the whip [a cord connected to the oven] to prevent contact with the metal edge of the junction box. Without this connector, "if the wires were to rub against the entrance of the box, it could short out," which is what may have happened here.

¶10 Elsewhere in his appellate briefs, Herman contends that "Schnell used the wrong wiring and breaker for the junction box, by installing a 10 gauge wire instead of the 8 gauge, and a 30 amp circuit breaker instead of a 40 amp circuit breaker" for the oven. He contends that one of the vendors (and there is a

dispute in the evidence as to which one) "installed the junction box in the wrong location and failed to provide the necessary grounding screw."

¶11     We conclude as a matter of law that Herman's scenarios about how he was injured, i.e., the alleged defects relating to all aspects of the wiring and installation of the oven and their potential consequences, are beyond "the realm of ordinary experience and lay comprehension." *See Pinter*, 387 Wis. 2d 475, ¶63. Therefore, expert opinion was required on the question of the alleged defects' causal relationship to the electric shock that injured Herman.

¶12     We turn to Herman's argument that his reliance upon res ipsa loquitur obviated the need for expert opinion as to how and why he was injured. We conclude that in the absence of expert opinion, Herman could not establish the instrumentality by which his injury occurred, a necessary component of res ipsa loquitur.

¶13     "Res ipsa loquitur is a rule of circumstantial evidence that permits a fact-finder to infer a defendant's negligence from the mere occurrence of the event." *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶33, 241 Wis. 2d 804, 623 N.W.2d 751.  "The doctrine applies where there is insufficient proof available to explain an injury-causing event, yet the physical causes of the accident are of the kind which ordinarily do not exist in the absence of negligence." *McGuire v. Stein's Gift & Garden Ctr., Inc.*, 178 Wis. 2d 379, 389, 504 N.W.2d 385 (Ct. App. 1993).  To establish res ipsa loquitur, a party must show the following: "(1) the event in question [is] of a kind which does not ordinarily occur in the absence of negligence; and (2) the agency of instrumentality causing the harm must have been within exclusive control of the defendant." *Lambrecht*, 241 Wis. 2d 804, ¶34.

6

¶14 An expert was required to establish the instrumentality, i.e., "the physical causes," of Herman's injury.[4] *See McGuire*, 178 Wis. 2d at 389; *see Pinter*, 387 Wis. 2d 475, ¶63. Herman did not offer an expert on causation, and therefore he could not satisfy the second prong of the res ipsa loquitur doctrine.

¶15 The absence of expert opinion where such opinion was necessary was a proper basis for granting summary judgment. *See Dean Medical Ctr.*, 149 Wis. 2d at 735 n.3.[5]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] Having reached this conclusion, we do not address the parties' arguments regarding the exclusive control element of the res ipsa loquitur doctrine. *See Village of Slinger v. Polk Props. LLC*, 2021 WI 29, ¶26 n.12, 396 Wis. 2d 342, 957 N.W.2d 229 ("We decide cases on the narrowest possible grounds" and do not reach issues we need not reach.). In order to reach the "exclusive control" issue a party must first establish the instrumentality of the alleged harm. Without evidence of the instrumentality, there can be no meaningful discussion of whether that instrumentality was within the exclusive control of any actor or actors. *See Lambrecht*, 241 Wis. 2d 804, ¶34.

[5] While we have considered all of the arguments in the briefs, we only discuss those arguments that are necessary to our decision. *See State v. Waste Mgmt. of Wis., Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) (we are not bound to the manner in which the parties have structured or framed the issues). Arguments not mentioned are deemed rejected. *Id.*